*667 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the matter remitted to it for a review of the facts (CPL 470.25, subd 2, par [d]; 470.40, subd 2, par [b]) and for consideration of questions, if any, not reached on appeal to that court.
The Appellate Division reversed these judgments against defendants on the law holding that the court’s instructions to the jury denied them a fair trial. The majority concluded that the trial court had unfairly marshaled the evidence and that its instructions had inferentially shifted the burden of proof from the prosecution to defendants. The Criminal Procedure Law provides that at the conclusion of summations the court must deliver its charge to the jury (CPL 300.10). It must state the fundamental legal principles applicable, but it need not marshal the evidence except to the extent necessary to explain the application of the law to the facts of the case (CPL 300.10, subd 2). Nor is the court required to explain all the contentions of the parties or outline all the inconsistencies in the evidence (People v Little, 98 AD2d 752, affd 62 NY2d 1020). The critical issue on review is always whether any deficiency by it in that respect denied defendant a fair trial (People v Culhane, 45 NY2d 757; cf. People v Williamson, 40 NY2d 1073). While this charge presented problems in explication because of the multiple victims and defendants and the several counts, we are of the view that the charge does not present grounds for reversal. The court fairly and impartially set forth the contentions of the parties and its references to the defendants’ contentions was nothing more than a statement of their arguments for acquittal. Fairly read, these references did not purport to alter the burden of proof.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order reversed and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein.