■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS JOHNSON, Appellant.

The defendant contends that the trial court committed reversible error in omitting the words "moral certainty" from its circumstantial evidence charge to the jury. However, those words are not necessarily required so long as the jury is instructed in substance that it must appear that the inference

of guilt is the only one that can fairly and reasonably be drawn from the facts, and that the evidence excludes beyond a reasonable doubt every reasonable hypothesis of innocence *(see, People v Sanchez,* 61 NY2d 1022, 1023). In the case at bar, the court's charge followed the sample charge contained in New York Criminal Jury Instructions *(see,* 1 CJI[NY] 9.10) and adequately informed the jury of its responsibility in a circumstantial evidence case.

Since the defendant did not raise the issue of justification, the trial court correctly precluded the defendant's father from testifying as to the deceased's reputation for violence *(cf., People v Miller,* 39 NY2d 543). Nor did the court unfairly marshal the evidence. Here, nearly all the testimony adduced at trial pointed to the defendant's guilt while few facts emerged that could be considered exculpatory *(see, People v Moore,* 129 AD2d 590, *lv denied* 70 NY2d 651). Thus, the court's recitation of the evidence was accurate and fair.

Finally, we conclude that there was no reasonable view of the evidence to justify a charge of manslaughter in the second degree. There was not sufficient evidence of intoxication in the record on which a reasonable person could entertain a doubt as to defendant's intent *(see, People v Perry,* 61 NY2d 849; *People v Iturrino,* 117 AD2d 502, *lv denied* 67 NY2d 885). Weinstein, J. P., Rubin, Spatt and Sullivan, JJ., concur.