■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID QUINONES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brill, J.), rendered November 19, 1990, convicting him of criminal sale

of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was denied a fair trial by the court's allegedly unbalanced marshaling of the evidence during its identification charge is unpersuasive. The court was not required to explain all the contentions of the parties or outline all the inconsistencies in the evidence (see, People v Saunders, 64 NY2d 665, 667; People v Campbell, 151 AD2d 591, 592). We note that nearly all the testimony adduced at trial pointed to the defendant's guilt of the sale while few facts emerged that could be considered exculpatory (see, People v Johnson, 140 AD2d 626, 627). In spite of this, the court marshaled the evidence in a most evenhanded manner.

After identifying the evidence serving to establish that the defendant was the actual perpetrator, the court instructed the jurors that the defendant contended that he was not the perpetrator, and that they had to consider all of the evidence which had been offered to establish that assertion. Contrary to the defendant's contention, when the court discussed the factors the jurors were to consider in determining the officers' reliability it referred to the possibility, suggested by the defendant, that they were lying. Finally, the court instructed the jurors that their recollection of the evidence was controlling and that it had no opinion in the matter (see, People v Harris, 171 AD2d 882, 883). Considering the charge as a whole, we find that it was proper. Balletta, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.