■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN JAMES, Appellant. [598 NYS2d 334] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brill, J.), rendered October 16, 1991, convicting him of robbery in the first degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, we find that there was probable cause for his arrest. It is well settled that "[a]ny inquiry into the propriety of police conduct must weigh the degree of intrusion it entails against the precipitating and attending circumstances" *(People v Salaman,* 71 NY2d 869, 870; *see also, People v De Bour,* 40 NY2d 210, 223). Here, the defendant's act of running on the street while clutching a paper bag, alone, was not indicative of criminality *(see, People v Watson,* 189 AD2d 790). However, the defendant and another man then jumped into a vehicle whose driver then sped off, committing various traffic infractions. The driver failed to comply with a lawful order from a police officer to pull over. Instead, the driver attempted various evasive maneuvers. The defendant and his companion then jumped out of the vehicle while it was moving at approximately 40 to 45 miles per hour, and the defendant's companion dropped a gun. These facts provided sufficient grounds for the police to detain the defendant *(see, People v Salaman, supra; People v Burgos,* 175 AD2d 211; *see, People v Hollman,* 79 NY2d 181; *People v De Bour, supra).* When the complaining witness appeared on the scene a few minutes later and spontaneously identified the defendant as one of two individuals who had robbed him a few minutes earlier, probable cause was provided for the defendant's arrest *(see, People v Webster,* 169 AD2d 796).

That branch of the defendant's motion which was to suppress the complainant's on-the-scene identification was properly denied, since the identification was spontaneous *(see, People v Webster, supra).* Additionally, the court properly denied the branch of the motion which was to suppress a camouflage hat taken from the defendant, since it was seized incident to a lawful arrest.

We also reject the defendant's claim that the trial court engaged in an unbalanced marshaling of the evidence and thereby denied him a fair trial. A court in its charge need not marshal all the evidence, but must "state the material legal principles applicable to the particular case" (CPL 300.10 [2]; *People v Williamson,* 40 NY2d 1073, 1074; *People v Hollis,* 106 AD2d 462, 464). "Nor is the court required to explain all the contentions of the parties or outline all the inconsistencies in the evidence" *(People v Saunders,* 64 NY2d 665, 667). However, if the court does refer to the evidence, it must do so fairly and in an even-handed manner *(People v Williamson, supra; People v Bell,* 38 NY2d 116). "The critical issue on review is always whether any deficiency by [the court] in that respect denied defendant a fair trial" *(People v Saunders, supra,* at 667; *see also, People v Culhane,* 45 NY2d 757, *cert denied* 439 US 1047).

The court's charge on identification, when taken as a whole, was balanced. It reminded the jurors that they were "the sole judges of the rightness, indeed the certainty of each identification". It also noted the defendant's contention that the complaining witness was mistaken when he identified them on the street and, further, instructed them to evaluate, *inter alia,* the complainant's reasoning and memory and determine whether they were satisfied that he was a reliable eyewitness.

The defendant's remaining contentions are meritless. Sullivan, J. P., Eiber, O'Brien and Pizzuto, JJ., concur.