■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMI WATERS, Appellant. [600 NYS2d 746] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered November 19, 1991, convicting him of robbery in the first degree, burglary in the first degree, grand larceny in the third degree and grand larceny in the fourth degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a

hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that his lineup was unduly suggestive because the hats worn by the other five participants were too dissimilar to his own cap. There is no requirement that the defendant be surrounded by individuals nearly identical in appearance *(see, People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833). We have examined the photographs of the lineup and conclude that the variation in the headgear of the participants, who had the same general physical characteristics, did not create a substantial risk of misidentification *(see, Neil v Biggers,* 409 US 188; *People v Adams,* 53 NY2d 241).

We also find that the court marshaled the evidence in an even-handed manner and did not give undue emphasis to the People's evidence or theories *(see, People v Saunders,* 64 NY2d 665; *People v Culhane,* 45 NY2d 757, *cert denied* 439 US 1047). The court summarized the testimony of the alibi witnesses and explained the defense theory of misidentification. Moreover, the court instructed the jury to carefully evaluate the complainant's credibility and assess her opportunity to observe the defendant during the crime. No reversible error took place when the court failed to refer to the testimony of two police officers called by the defense for the purpose of discrediting the complainant's identification testimony. Mangano, P. J., Thompson, Pizzuto and Joy, JJ., concur.