◾ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BUTLER, Appellant. [610 NYS2d 618] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered November 28, 1990, convicting him of attempted criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The initial stopping and detention of the defendant constituted justifiable police conduct *(see generally, People v Leung,* 68 NY2d 734, 736; *People v Troche,* 185 AD2d 368). We further find that, although not charged as such, the officers had probable cause to arrest the defendant for harassment in the second degree, and therefore the subsequent search of the defendant's person was incident to a lawful arrest *(see generally, United States v Robinson,* 414 US 218; *People v Wilson,* 187 AD2d 689).

Viewing the evidence adduced at the trial in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), specifically the testimony of the two police officers that a large amount of money and cocaine were recovered from the defendant's coat pocket, we find that it was legally sufficient to support the conviction. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). We further find that the verdict was not against the weight of the evidence.

The defendant's sentence was not excessive *(see, People v Delgado,* 80 NY2d 780; *People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions and find that they are without merit. Mangano, P. J., Miller, Hart and Florio, JJ., concur.