■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COURTNEY CARPENTER, Appellant. [627 NYS2d 755] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered June 2, 1993, convicting him of rape in the first degree, rape in the second degree, sexual abuse in the first degree, and sexual abuse in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was the long-time boyfriend of the victim's mother and frequently stayed at the victim's home. One night in March 1992, the defendant entered the bedroom of the 12-year-old victim, raped her, and threatened to kill her mother if she revealed what happened. Approximately one month later, after being confronted by her mother, the victim revealed that she had been raped.

The defendant has not preserved for appellate review his contention that the trial court erred by admitting testimony of a prior occasion in which the defendant entered the victim's bedroom, at night, without sexually assaulting her *(see,* CPL 470.05 [2]; *People v Sceravino,* 193 AD2d 824; *People v Udzinski,* 146 AD2d 245). In any event, this testimony was necessary to provide the jury with "an understanding of the other parts of the testimony" *(People v Ventimiglia,* 52 NY2d 350, 361). Further, the prosecution properly commented on this testimony during summation, as the comments were either "within the bounds of permissible rhetorical comment afforded counsel during summation, responsive to the defendant's summation, constituted fair comment on the evidence, or related to matters which were fairly inferable from the evidence" *(People v Turner,* 214 AD2d 594; *see, People v Ashwal,* 39 NY2d 105).

In light of the seriousness of the defendant's crime and the young age of the victim, there is no basis to reduce the sentence *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is unpreserved for appellate review, and, in any event, does not warrant reversal. Rosenblatt, J. P., Ritter, Copertino and Santucci, JJ., concur.