THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK TURTON, Appellant. [634 NYS2d 156] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered October 19, 1993, convicting him of assault in the second degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A court in its charge need not marshal all the evidence, but must "state the material legal principles applicable to the particular case" (CPL 300.10 [2]; *People v James,* 194 AD2d 558). "Nor is the court required to explain all the contentions of the parties or outline all the inconsistencies in the evidence" *(People v Saunders,* 64 NY2d 665, 667; *see also, People v James, supra).* However, if the court does refer to the evidence, it must do so fairly and in an even-handed manner *(People v Williamson,* 40 NY2d 1073, 1074; *see also, People v Culhane,* 45 NY2d 757, *cert denied* 439 US 1047; *People v Waters,* 195 AD2d 613; *People v James, supra).* "The critical issue on review is always whether [the] deficiency by [the court] in that respect denied defendant a fair trial" *(People v Saunders, supra,* at 667).

Here, it cannot be said that the defendant was deprived of a fair trial. The court marshaled the evidence in an even-handed manner and did not give undue emphasis to the People's evidence or theories. In addition, the court instructed the jurors that nothing the court stated was evidence, and that the jurors were "the exclusive judges of the facts, and * * * what I may

say during the course of this charge by way of illustration or just so that you understand the relevance of certain points of law, should in no way be taken by you as suggesting that I think you should reach a particular verdict".

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Pizzuto, Santucci and Joy, JJ., concur.