■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR DESORDI, JR., Appellant. [656 NYS2d 505] —Peters, J. Appeal from a judgment of the County Court of Madison County (O'Brien, III, J.), rendered June 26, 1995, upon a verdict convicting defendant of the crimes of murder in the second degree and assault in the first degree.

On October 7, 1994, David Eberst (hereinafter decedent), his brother Peter Eberst (hereinafter Eberst) and their friend Richard Havranek spent the evening socializing at various locations in the Town of Cazenovia, Madison County. At approximately 3:00 A.M., Eberst and Havranek drove together in Havranek's vehicle while decedent drove alone in his pickup truck. At about the same time, defendant and his three friends had left a party after an evening of socializing. As they were walking westerly toward the oncoming vehicles, decedent abruptly stopped, got out of his vehicle and angrily accused the defendant of throwing something at his truck. Defendant denied throwing anything and was initially conciliatory stating, "Why can't we be friends?"

The incident quickly escalated to a physical altercation between decedent and defendant. Within minutes, decedent was fatally wounded when he was stabbed through the heart. Defendant and Eberst then began fighting, causing Eberst to fall to the ground with defendant on top of him. As defendant was biting Eberst in the throat, witnesses attempted to pull defendant off him. Thereafter, Eberst was found to have suffered a single stab wound which collapsed his left lung. Defendant later returned to the scene with his mother and advised a police officer that he "thought he'd been involved in a fight and wished to speak to someone about it". At the police station, he gave both a written and videotaped statement after waiving his *Miranda* rights.

Defendant was indicted for the crimes of murder in the second degree, manslaughter in the first degree, manslaughter in the second degree, criminally negligent homicide, assault in the first degree and two counts of assault in the second degree. Subsequent to the indictment, his counsel chose not to move to suppress his statement. A lengthy discussion took place in open court between County Court and defendant regarding his counsel's decision not to seek suppression of the statement. Defendant affirmatively stated that he discussed this matter with counsel and was in agreement with it. Counsel for defendant did, however, file extensive motions and arranged for neurological testing. After the court declined to accept a plea proposal, the case went to trial. Numerous witnesses testified that decedent was the initial aggressor. No witnesses, however, could testify to defendant stabbing either decedent or Eberst, but evidence indicated that he had been known to carry a knife in his sock, that the knife found at the scene was identified as defendant's and that no other individual involved had a weapon. Upon appeal, defendant raises numerous errors which he believes merit either a reversal of his conviction or a reduction of his sentence.

Defendant contends that the evidence was legally insufficient to convict him of depraved indifference murder and that the weight of the evidence demonstrated that he had acted in self-defense. We disagree. Viewing the evidence, as we must, in a light most favorable to the People (*see, People v Rossey*, 89 NY2d 970; *People v Contes*, 60 NY2d 620), we find it legally sufficient to establish defendant's guilt. As to the weight of the evidence, viewing it in a neutral light (*see, People v Carthrens*, 171 AD2d 387), we are satisfied that the trier of fact did not fail to "give [it] the weight it should be accorded" (*People v Bleakley*, 69 NY2d 490, 495).

Mindful that the credibility of witnesses, inferences and conclusions to be drawn from the evidence are for the jury to resolve (*see, People v Shannon*, 105 AD2d 986), the testimony of the disinterested witnesses was both consistent with the jury's verdict and credible. While defendant bolsters his claim of self-defense by contending that deadly physical force was used against him when his head was being beaten against the pavement by both decedent and Eberst, the physician who treated him after the incident testified that he had abrasions on the back of each elbow, a linear bruise along the right side of his face and a small laceration on the tip of his right small finger. Treatment, therefore, consisted merely of washing his wounds and placing a bandaid on the lacerations. Hence, a finding that

he did not act in self-defense was consistent with the weight of the credible evidence.

In support of his ineffective assistance of counsel claim, defendant contends that due to his history of in-patient mental health treatment and evidence of a "blackout" on the night of the incident, his lawyer's failure to pursue the defense of mental disease or defect or to use his mental condition in mitigation constituted ineffective assistance of counsel. Moreover, he contends that due to his LSD and alcohol use on such night, the defense of diminished capacity should also have been proffered. Additionally, he argues that counsel should have moved to suppress his statement to the police.

What constitutes effective assistance of counsel "is not and cannot be fixed with precision, but varies according to the particular circumstances of each case" (*People v Rivera*, 71 NY2d 705, 708; *see, People v Baldi*, 54 NY2d 137). Our review confirms that "defendant received meaningful representation" (*People v English*, 215 AD2d 871, 873, *lvs denied* 86 NY2d 793, 87 NY2d 900). The record reveals that counsel thoroughly investigated defendant's mental state both prior to and during the incident and strategically decided, with defendant's approval, not to move to suppress the statements he made to the police immediately after the incident. This decision was thoroughly reviewed with defendant in open court where he reiterated his agreement with counsel's determination. Accordingly, we find no merit to the claim of ineffective assistance.

Similarly unavailing is the claim of prosecutorial misconduct. The People's comment upon defendant's videotaped and written statement constituted fair comment upon the evidence admitted at trial. The characterization that defendant "sucker punched" decedent was not beyond permissible bounds since it was fairly inferable from the evidence presented (*see, People v Carpenter*, 216 AD2d 313, *lv denied* 86 NY2d 791).

As to defendant's contention that County Court erred in refusing to accept a tentatively proffered plea bargain, the Grand Jury minutes reveal that County Court determined that the proposed plea was too lenient in light of the acts allegedly committed. While the court's explanation of its refusal may be inartfully worded, we find it to be a considered judgment (*see, People v Curdgel*, 191 AD2d 743, *affd* 83 NY2d 862). We further find no error in County Court's denial of defendant's request for recusal after it rejected the plea. When the court-offered option for recusal was not promptly acted upon at the outset of the case and was instead demanded only after the court refused to accept the proposed plea, there exists no basis

to support a motion for disqualification (*see, People v Jackson*, 221 AD2d 740, *lv denied* 87 NY2d 974).

Finally, while County Court is not required to marshal the evidence (*see*, CPL 300.10 [2]), a decision to do so requires an even-handed and balanced approach (*see, People v Williamson*, 40 NY2d 1073). Here, County Court specifically stated to the jury that with regard to the circumstantial evidence, it took no position with respect to the viability or strength thereof. It further cautioned the jury that their recollection controlled and that they were the ultimate finders of fact. Stressing that it was the People's burden to establish defendant's guilt, we conclude that the court's comment upon the circumstantial evidence relied upon by the People was not error.

As to County Court's statement to the jury that due to defendant's plea he claimed that he had not stabbed the victims, we note that the court was willing to strike said statement, upon objection, and then instruct the jury to disregard that part of the charge. As defendant declined to accept the proposed curative instruction, we again find no error.

Finally, as to defendant's contention that his course of conduct should be viewed as a single inseparable act, all initiated as a result of the aggressive conduct of decedent, we disagree. Although the crimes were committed during the course of a single extended transaction, the evidence established that they were separate and distinct acts. Testimony fully revealed that the first physical altercation commenced in response to decedent's aggressive conduct. Yet, that same testimony characterized defendant as the aggressor during the altercation with Eberst. Accordingly, we conclude that consecutive sentences were appropriate and, with no extraordinary circumstances presented to warrant our interference with the terms of imprisonment, we affirm County Court's judgment in its entirety.

White, J. P., Casey, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.