■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR FLORES, Appellant. [667 NYS2d 270] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered June 28, 1995, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On March 8, 1995, the defendant was arrested for selling two glassine envelopes of heroin to an undercover officer during a buy-and-bust operation on the corner of Irving Avenue and Himrod Street in Brooklyn. According to the defendant, he merely acted as a purchasing agent for the undercover officer, who had been rebuffed by the narcotics merchants in the neighborhood because he was a stranger.

The defendant contends that the trial court's agency charge improperly marshaled the evidence, expressed a bias in favor of the prosecution, and impermissibly shifted the burden of proof. These contentions were not preserved for appellate review because no objection to the charge was made at trial on those grounds (*see,* CPL 470.05 [2]). In any event, these contentions are without merit. The record reveals that the trial court fairly and impartially set forth the contentions of the parties to the extent necessary to explain the concept of agency in the context of a drug transaction (*see,* CPL 300.10 [2]; *People v Saunders,* 64 NY2d 665, 667). Moreover, the charge as a whole

adequately explained the agency defense and the prosecution's burden of proof (*see, People v Canty,* 60 NY2d 830, 832). Rosenblatt, J. P., Miller, Copertino and Goldstein, JJ., concur.