■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDY HOLDER, Appellant. [664 NYS2d 790] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered September 1, 1994, convicting defendant, after a jury trial, of two counts of assault in the first degree, and criminal possession of a weapon in the second and third degrees, and sentencing him to consecutive terms of 4 to 12 years and 2 to 6 years for the assault convictions, concurrent to concurrent terms of 4 to 12 years and 2⅓ to 7 years for the weapon possession convictions, unanimously affirmed.

Evidence bearing on defendant's consciousness of guilt was properly admitted. In light of defendant's attempt to discredit the testimony of a rebuttal witness that lent support to strong eyewitness testimony disproving the justification defense, evidence of an attempt by defendant to coerce that rebuttal witness was admissible as particularly relevant to the issue of justification (*People v Leyra*, 1 NY2d 199, 209-210). The witness's credibility was a jury question.

The challenged portion of the court's justification charge did not deprive defendant of a fair trial. Although defendant was permitted to elicit evidence that one of the shooting victims and three of his friends had consumed alcohol prior to the incident, and argued in summation that this victim and his friends were "drunk and violent", the trial court was not required to set forth, in its charge regarding justification, that evidence, or any of the other specific contentions of the parties (*see, People v Saunders*, 64 NY2d 665). Further, in the absence of any evidence that, at the time of the altercation, defendant was aware of additional drinking, as well as marihuana use by one of the individuals in question, those circumstances were irrelevant to the justification defense (*see, People v Pizzaro*, 184 AD2d 448, *lv denied* 80 NY2d 908). The justification charge as given adequately conveyed the appropriate legal principles,

properly instructed the jury to apply those principles to the pertinent facts as found by the jury (*People v Saunders, supra*), and did not undermine defendant's defense (*compare, People v Chevalier*, 220 AD2d 114, *affd* 89 NY2d 1050).

The trial court appropriately exercised its discretion, following reasonably thorough inquiry, in replacing two ill jurors with alternate jurors on the grounds that, in each case, an indeterminate delay of at least one day would result in undue inconvenience to witnesses, disrupt the presentation of evidence, and pose a threat of a mistrial because of time constraints involving at least one other juror (*see, People v Robustelli*, 189 AD2d 668, *lv denied* 81 NY2d 975).

We perceive no abuse of discretion in sentencing. Concur—Milonas, J. P., Rubin, Tom, Mazzarelli and Colabella, JJ.