■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL KIRSHTEIN, Appellant. [691 NYS2d 72] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered October 30, 1996, convicting him of murder in the second degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not err in denying the defendant's request to charge the jury that he need not present psychiatric or psychological evidence to establish the defense of extreme emotional disturbance. In giving a jury charge the trial court must state the material legal principles applicable to the case (CPL 300.10 [2]; see also, People v Turton, 221 AD2d 671; People v James, 194 AD2d 558). To establish the affirmative defense of extreme emotional disturbance, a defendant must prove by a preponderance of the evidence that (a) he acted under the influence of extreme emotional disturbance, and (b) there was a reasonable explanation or excuse for the emotional disturbance, the reasonableness of which is to be determined from the viewpoint of a person in the defendant's situation under the circumstances as the defendant believed them to be (see, Penal Law § 125.25 [1] [a]; People v Moye, 66 NY2d 887; People v Casassa, 49 NY2d 668, 678-679). The trial court fully and properly charged the jury on these statutory requirements. Therefore, contrary to the defendant's contention, the charge was complete.

The defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions, including these raised in his supplemental pro se brief, are either unpreserved for appellate review or without merit. O'Brien, J. P., Florio, H. Miller and Smith, JJ., concur.