■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN ALVARADO, Appellant. [693 NYS2d 189] —Appeal by the de-

fendant from a judgment of the Supreme Court, Queens County (Flaherty, J.), rendered January 27, 1997, convicting him of murder in the second degree (two counts), attempted murder in the second degree, robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of intentional murder in the second degree and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for a new trial on that count.

Many of the defendant's contentions regarding remarks made by the prosecutor during summation are unpreserved for appellate review (see, CPL 470.05 [2]; People v Bruen, 136 AD2d 648). In any event, the prosecutor's statements did not exceed the broad bounds of rhetorical comment permissible in closing arguments (see, People v Galloway, 54 NY2d 396) and were either reasonably inferable from the evidence (see, People v Ashwal, 39 NY2d 105) or fair responses to arguments raised by the defense counsel during summation (see, People v Rivera, 158 AD2d 723).

The defendant contends that the proof of his guilt was entirely circumstantial and, therefore, the court committed reversible error in failing to give a circumstantial evidence charge. The defendant is correct as to the count of intentional murder in the second degree and the matter is remitted to the Supreme Court, Queens County, for a new trial on that count. However, as to the count of felony murder in the second degree, the prosecution's case rested on direct evidence which was employed together with circumstantial evidence to demonstrate the defendant's culpability. It is well settled that the "moral certainty" language or its reasonable equivalent need not be charged where there is both direct and circumstantial evidence establishing the defendant's guilt (see, People v Daddona, 81 NY2d 990; People v Johnson, 65 NY2d 556).

The defendant's remaining contentions are without merit. S. Miller, J. P., Joy, Goldstein and Schmidt, JJ., concur.