■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS CROSKERY, Appellant. [695 NYS2d 788] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), rape in the first degree (Penal Law § 130.35 [1]), assault in the first degree (Penal Law § 120.10 [1]), burglary in the first degree (Penal Law § 140.30 [2]) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]). We reject defendant's contention that County Court was required to instruct the jury on the "theory of the defense". Such a charge, while often appropriate, is not required. A court is required to state the fundamental legal principles applicable to the case and to give a balanced charge (*see,* CPL 300.10 [2]; *People v Saunders,* 64 NY2d 665, 667). Defendant's challenge to the reliability and conclusiveness of the DNA evidence was clearly articulated during summation (*see, People v Christodoulou,* 244 AD2d 417, *lv denied* 91 NY2d 971). Defendant failed to preserve for our review his contention that the court unfairly cited facts favorable to the prosecution in its charge on circumstantial evidence (*see,* CPL 470.05 [2]; *People v Watts,* 251 AD2d 687, 688, *lv denied* 92 NY2d 931). In any event, that contention is without merit because a limited discussion of facts in a circumstantial

evidence charge does not constitute unfair marshaling of the evidence (*see, People v Williams*, 195 AD2d 986, 987, *lv denied* 82 NY2d 905; *see also, People v Desordi*, 238 AD2d 738, 741, *lv denied* 90 NY2d 904).

The court did not abuse its discretion in permitting the victim to testify. Defendant contends that the victim was called as a witness solely to inflame the jury because the nature of her injuries rendered her unable to recall the attack. The victim's testimony was necessary to establish elements of the offenses charged, i.e., the unlawful entry into the home, the nonconsensual nature of the sexual intercourse and the severity of the victim's injuries (*see, People v Jones,* 169 AD2d 986, *lv denied* 77 NY2d 996; *People v Aupperlee*, 168 AD2d 561, 562, *lv denied* 77 NY2d 958).

Defendant failed to preserve for our review any challenge to the prosecutor's summation (*see,* CPL 470.05 [2]; *People v Pierce*, 219 AD2d 856, *lv denied* 87 NY2d 850). In any event, the comments by the prosecutor on summation were not improper and did not deny defendant his right to a fair trial (*see generally, People v Galloway,* 54 NY2d 396; *People v Mott*, 94 AD2d 415, 419). (Appeal from Judgment of Erie County Court, Drury, J.—Attempted Murder, 2nd Degree.) Present— Pine, J. P., Wisner, Hurlbutt, Scudder and Callahan, JJ.