■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH SIMPSON, Appellant. [707 NYS2d 124] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Wade, J.), rendered September 29, 1998, convicting him of robbery in the first degree (two counts), robbery in the second degree, burglary in the first degree (three counts), assault in the second degree (two counts), and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the convictions of assault in the second degree under counts 8 and 13 of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The defendant's contention that the court improperly marshaled the evidence during its charge is without merit. The court referred to the evidence to the extent necessary to explain the application of legal principles to the factual issues in this case (see, CPL 300.10 [2]), and did not place undue emphasis on the People's contentions. In addition, the court stated numerous times that the People had the burden of proving that the defendant committed the crimes beyond a reasonable doubt. Thus, considered as a whole, the court's charge does not warrant reversal (see, People v Harris, 171 AD2d 882, 883; People v Beaumont, 170 AD2d 513).

As correctly conceded by the People, counts 8 and 13 of the indictment, charging assault in the second degree with intent to cause physical injury, constituted concurrent inclusory counts of the convictions of robbery in the second degree and burglary in the first degree (see, People v Ross, 246 AD2d 561; People v Jordan, 93 AD2d 871). Thus, the convictions under those counts of the indictment must be vacated and those counts must be dismissed.

The defendant's remaining contentions are without merit. Krausman, J. P., H. Miller, Schmidt and Smith, JJ., concur.