■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYANT BRADLEY, Appellant. [741 NYS2d 701] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Reichbach, J.), rendered January 3, 2000, convicting him of murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence, and (2) an amended sentence of the same court, rendered February 10, 2000, which vacated the sentence imposed on the conviction of criminal possession of a weapon in the second degree and resentenced him thereon.

Ordered that the judgment is modified, on the law, by reducing the conviction of assault in the first degree to assault in the second degree and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing on that count; and it is further,

Ordered that the amended sentence is affirmed.

The appellant, Bryant Bradley, and his codefendant, Carl Snyder (*see People v Snyder,* 294 AD2d 381 [decided herewith]), were convicted, inter alia, of murder in the second degree and assault in the first degree stemming from a drug-related shooting at a Brooklyn housing project. Several witnesses testified at trial implicating both defendants, including a third participant in the crime who testified in exchange for a reduced sentence upon his plea of guilty.

Contrary to the appellant's contention, the court's *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371) constituted a provident exercise of discretion. It is settled that "[t]he fact that a defendant may specialize in one type of criminal activity does not shield him from impeachment" (*People v Malave,* 288 AD2d 237). Moreover, the court excluded mention of the underlying facts of the prior conviction, permitting inquiry only to the extent that the prior felony conviction involved a handgun. Thus, the court's ruling, permitting the use of the factually similar prior conviction for impeachment purposes, was proper (*see People v Mollo,* 273 AD2d 481).

However, for the reasons stated in the appeal of his codefen-

dant, the appellant's conviction of assault in the first degree must be reduced to assault in the second degree (*see People v Snyder, supra,* decided herewith).

The appellant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Feuerstein, J.P., S. Miller, Krausman and Cozier, JJ., concur.