■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL SNYDER, Appellant. [741 NYS2d 892] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Reichbach, J.), rendered December 15, 1999, convicting him of murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the conviction of assault in the first degree to assault in the second degree and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing on that count.

The appellant, Carl Snyder, and his codefendant, Bryant Bradley (*see People v Bradley,* 294 AD2d 373 [decided herewith]),

were convicted, inter alia, of murder in the second degree and assault in the first degree stemming from a drug-related shooting at a Brooklyn housing project. Several witnesses testified at trial implicating both defendants, including a third participant in the crime who testified in exchange for a reduced sentence upon his plea of guilty.

The appellant's present challenge to the allegedly unbalanced identification charge is unpreserved for appellate review (*see* CPL 470.05 [2]), and, in any event, is without merit. The charge referred to eyewitness testimony implicating the defendants, but failed to mention that another witness was unable to identify either defendant. Nevertheless, the charge did not deprive the appellant of his right to a fair trial, as a court is not "required to explain all the contentions of the parties or outline all the inconsistencies in the evidence" (*People v Quinones,* 184 AD2d 535). Furthermore, viewing the charge as a whole, the court fairly instructed the jury on the correct principles of law to be applied to the case. The charge emphasized that identification must be proven beyond a reasonable doubt, instructed the jury on weighing the credibility of the eyewitnesses, reminded the jury that it was the exclusive judge of credibility, instructed that it was the jury's recollection of the evidence that was controlling, and informed the jury that it had no opinion whatsoever on the evidence (*see People v St. John,* 239 AD2d 365; *People v Gray,* 144 AD2d 483, 484; *People v McDonald,* 144 AD2d 701, 702).

However, we agree with the appellant that even when viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), the People failed to present legally sufficient evidence to support the conviction of assault in the first degree (*see* Penal Law § 120.10). The bare evidence that the surviving victim, who did not testify, was shot in the leg did not establish the required element of "serious physical injury" as defined in Penal Law § 10.00 (10). However, the evidence was legally sufficient to prove that the surviving victim suffered "physical injury" as defined in Penal Law § 10.00 (9), and thus supports a conviction of the lesser included offense of assault in the second degree (*see* Penal Law § 120.05 [2]). We have reduced the conviction accordingly (*see People v Mack,* 268 AD2d 599, 600).

The appellant's remaining contentions are without merit. Feuerstein, J.P., S. Miller, Krausman and Cozier, JJ., concur.