■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTESE QUILLER, Appellant. [749 NYS2d 302] —Mugglin, J. Appeal from a judgment of the County Court of Schenectady County (Tomlinson, J.), rendered January 5, 2001, upon a verdict convicting defendant of the crimes of assault in the second degree, resisting arrest and obstructing governmental administration in the second degree, and the violations of failure to obey a traffic control device and unlicensed operation of a motor vehicle.

Defendant made an improper left turn and, as a result, was stopped by two police officers. Contrary to instructions, he ran from the scene and was ultimately tackled by a police officer who, during the ensuing struggle, sustained a fractured right hand. Defendant was thereafter charged with assault in the second degree, resisting arrest, obstructing governmental administration in the second degree, failure to obey a traffic control device and unlicensed operation of a motor vehicle. After trial, defendant was found guilty as charged and sentenced as a second felony offender to five years' imprisonment on the assault conviction with additional concurrent terms for the remaining convictions. Defendant now appeals.

We affirm. Defendant first contends that County Court erred in that portion of its *Sandoval* ruling which allowed the People to cross-examine defendant concerning possession of a weapon and multiple instances of fighting while previously incarcerated, as these involve acts of violence too similar to the charges under consideration and demonstrate only a prejudicial propensity to commit violent crimes which outweighs any bearing it may have on his credibility. If prior crimes and bad acts have a "disproportionate and improper impact on the trier of fact" (*People v Williams*, 256 AD2d 661, 662, *lv denied* 93 NY2d 981), the People are precluded from using them during the cross-examination of a testifying defendant (*see People v Young*, 249 AD2d 576, 581, *lv denied* 92 NY2d 908). On the other hand, if the prior crimes and bad acts have a logical bearing on a defendant's truthfulness, honesty or desire to deliberately further his or her self-interest at the expense of society, they may be employed during cross-examination (*see People v Sandoval*, 34 NY2d 371, 376-377). Notably, the fact that prior crimes or bad acts are similar or even the same as those presently charged does not automatically require preclusion (*see People v Layman*, 284 AD2d 558, 560, *lv denied* 96 NY2d 903). Applying these rules, we find no *Sandoval* error since, although violent conduct is involved, it has a logical bearing on defendant's willingness to place his personal interest above that of society (*see People v Di Bella*, 277 AD2d 699, 701, *lv denied* 96 NY2d 758). Accordingly, County Court properly exercised its discretion in allowing these incidents to be used in the cross-examination of defendant should he testify (*see People v Gray*, 84 NY2d 709, 712).

Next, with respect to defendant's claim of prosecutorial misconduct, the People concede that during summation, the prosecutor improperly discussed defendant's prior jailhouse "bad acts." Nevertheless, the People argue that the error was not preserved for appellate review and the comments were not so prejudicial as to deprive defendant of a fair trial. We agree. No objection was made to the prosecutor's summation and, thus, the issue has not been preserved for review (*see People v Bell*, 249 AD2d 777, 778-779, *lv denied* 92 NY2d 922). Were we to reach the merits of this issue, we would find defendant's argument unpersuasive. While reversal should result where remarks made by a prosecutor in summation are so prejudicial as to deprive the defendant of a fair trial (*see People v Ashwal*, 39 NY2d 105, 109-110), resulting prejudice from an improper comment may be eliminated by a curative instruction (*see People v Mensche*, 276 AD2d 834, 837, *lv denied* 95 NY2d 966). Here, County Court's charge sufficiently eliminated any

potential prejudice by emphasizing that evidence of defendant's prior crimes and bad acts is not evidence-in-chief and can be considered only on the issue of defendant's credibility.

Next, defendant claims that trial counsel was ineffective for two reasons. First, defendant points to counsel's failure to object to the prosecutor's summation. As we have already determined that no prejudice rising to the level of an unfair trial occurred, we find no merit to this ineffectiveness of counsel claim. Second, defendant argues that he was improperly prepared by counsel for his testimony. The basis of this claim lies in County Court's *Sandoval/Ventimiglia* ruling that the People could not allude to defendant being on parole at the time that he committed these crimes. Nevertheless, during his direct examination, defendant himself stated that he was on parole. In light of counsel's performance as demonstrated by the entire record, we do not find that this one claim denied defendant effective and meaningful representation as defined in *People v Baldi* (54 NY2d 137, 146-147).

Lastly, we find unavailing defendant's argument that the verdict is contrary to the weight of the evidence. Having reviewed the record to first inquire whether, "based on all the credible evidence, a different finding would not have been unreasonable" (*People v Bleakley*, 69 NY2d 490, 495), and having " 'weigh[ed] the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*id.* at 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62), we conclude that the jury gave appropriate weight to the credible evidence presented (*see People v Desordi*, 238 AD2d 738, 739-740, *lv denied* 90 NY2d 904).

Crew III, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.