**Keith SIMPSON, Petitioner–Appellant,**

v.

**Charles R. GREINER, Respondent–Appellee.**

**No. 02–2407.**

United States Court of Appeals, Second Circuit.

March 11, 2004.

Georgia J. Hinde, New York, NY, for Petitioner–Appellant.

Diane R. Eisner, Asst. District Attorney, Brooklyn, NY, for Respondent–Appellee.

Present: MESKILL, POOLER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Keith Simpson appeals from a Judgment, dated June 3, 2002, of the U.S. District Court for the Eastern District of New York (Ross, J.), which memorializes a prior oral ruling denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Simpson was convicted by a jury in New York Supreme Court, Kings County of two counts of first-degree robbery, one count of second-degree robbery, three counts of first-degree burglary, two counts of second-degree assault, and one count of third-degree assault. On September 29, 1998, he was sentenced as a persistent violent offender to concurrent terms of one year of imprisonment on the third-degree assault count, and to twenty years to life on all other counts.

Simpson's direct appeal of his conviction was denied by the Appellate Division, Second Department in a one-page ruling. *See People v. Simpson*, 270 A.D.2d 507, 707 N.Y.S.2d 124 (2 Dep't 2000). The New York Court of Appeals denied leave to appeal. *See People v. Simpson*, 95 N.Y.2d 858, 714 N.Y.S.2d 9, 736 N.E.2d 870 (2000).

Simpson's claim for federal habeas relief rests upon the trial court's refusal to permit certain testimony of Barbara Clarke. Simpson contended in the district court that he was denied his due process right to put on a defense when the trial court refused to permit Clarke to testify that she overheard Henry Boone, the victim and the only eyewitness to identify Simpson as the perpetrator, accuse someone else of having assaulted and robbed him prior to Simpson's arrest. Simpson asserts that the trial court's preclusion of Clarke's testimony was erroneous because it should

have been admitted (1) to rehabilitate Ms. Clarke against the prosecution's suggestion that she was biased in favor of Simpson and (2) to show that Boone could not have been as certain as he claimed to be when he identified Simpson from the witness stand as his assailant.

Judge Ross denied Simpson's petition on two grounds. First, although she noted that the trial court may have erred as a matter of evidentiary law in not allowing Clarke's disputed testimony for the purpose of rehabilitation, Judge Ross held that this error did not constitute a constitutional violation warranting habeas relief. Second, in so far as Simpson argued that his right to present a defense had been violated because Clarke's testimony should have been admitted as a means of impeaching Boone's testimony—specifically, for the purpose of undermining his identification of Simpson as his assailant—Judge Ross ruled that this was an unexhausted claim because Simpson had not raised it on direct appeal.

This Court issued Simpson a certificate of appealability, filed June 4, 2003, limited to the following two issues: "(1) whether Appellant's claim that his right to present a defense was violated when the trial court excluded part of a key witness's testimony was exhausted in state court; and (2) whether that claim had merit." Thus, our review is limited to the question of whether the district court erred when it rejected Simpson's argument that habeas relief is appropriate because Clarke's testimony should have been admitted for the purpose of impeaching Boone.

We affirm the district court's holding that Simpson failed to comply with the exhaustion requirement. This Court has recently reiterated the terms of this requirement:

> Exhaustion requires a petitioner fairly to present the federal claim in state court. See Strogov v. Att'y Gen. of N.Y.,

191 F.3d 188, 191 (2d Cir.1999). "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and the legal premises of the claim he asserts in federal court.'" Dorsey v. Kelly, 112 F.3d 50, 52 (2d Cir.1997) (quoting Daye [v. Att'y Gen. of N.Y., 696 F.2d 186, 191 (2d Cir.1982) (en banc)]). The claim presented to the state court, in other words, must be the "substantial equivalent" of the claim raised in the federal habeas petition. Strogov, 191 F.3d at 191 (quoting Picard v. Connor, 404 U.S. 270, 278, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)).

Jones v. Keane, 329 F.3d 290, 294–95 (2d Cir.2003).

■ Our review of Simpson's state court briefing contained in the record fails to disclose that the factual and legal premises of the argument that Simpson's right to present a defense was violated because of the refusal to admit Clarke's testimony for the purpose of impeaching Boone—as opposed to admitting it for the purpose of rehabilitating Clarke herself—was made on direct appeal.

■ Even were we to hold that the exhaustion requirement has been satisfied, however, we would still affirm the district court. Just as the district court held that the exclusion of Clarke's testimony for the purpose of rehabilitating Clarke herself was, at most, an evidentiary error not amounting to a constitutional violation, we would hold the same with respect the exclusion of Clarke's testimony for the purpose of impeaching Boone. In order to find that Simpson's fair trial right had been violated, we would have to find that Clarke's testimony, evaluated in the context of the entire record, "creates a reasonable doubt that [does] not otherwise exist." Jones v. Stinson, 229 F.3d 112, 120 (2d Cir.2000) (citation and quotation omitted). Simpson's entire theory of the case was that given the circumstances of the

assaults, and the existence of individuals other than Simpson who might have assaulted Boone, Boone could not have been as certain in identifying Simpson as he claimed. Although, "[i]n a close case, additional evidence of relatively minor importance might be sufficient to create a reasonable doubt" and raise the exclusion of the evidence to an error of constitutional proportions, such is not the case here because the testimony would not have presented the jury with an "otherwise nonexistent" basis for reasonable doubt concerning Simpson's guilt. *Washington v. Schriver*, 255 F.3d 45, 56 (2d Cir.2001) (internal quotations and citations omitted).

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.