■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE O'NEAL, Appellant. [784 NYS2d 372]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County, (Rios, J.), rendered December 17, 2002, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and criminally using drug paraphernalia in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A trial court, in its charge, need not marshal all of the evi-

dence, but must "state the material legal principles applicable to the particular case" (*see* CPL 300.10 [2]; *see also People v James,* 194 AD2d 558, 559 [1993]). Nor is the court required to explain all the contentions of the parties or outline all the inconsistencies in the evidence (*see People v Snyder,* 294 AD2d 381 [2002]). However, if the court does refer to the evidence, it must do so fairly and in an evenhanded manner (*see People v Turton,* 221 AD2d 671 [1995]).

Contrary to the defendant's contention, the trial court marshaled the evidence in an evenhanded manner and did not give undue emphasis to the People's contentions (*see People v Poey,* 260 AD2d 411 [1999]). In addition, the court stressed that it held no opinion of the evidence (*see People v Bacchus,* 183 AD2d 720 [1992]) and would explain the law solely to assist the jurors' understanding. Smith, J.P., Luciano, Rivera and Lifson, JJ., concur.