THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FITZROY CHAMBERS, Appellant. [795 NYS2d 307]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Ohlig, J.), rendered December 18, 2000, convicting him of murder in the second degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

The jury determination that the defendant failed to prove by a preponderance of the evidence that he was "act[ing] under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse" when he stabbed and killed the victim was based on legally sufficient evidence and was not against the weight of the evidence (Penal Law § 125.25 [1] [a]; *see People v Roche,* 98 NY2d 70, 75 [2002]; *People v Casassa,* 49 NY2d 668, 675 [1980], *cert denied* 449 US 842 [1980]; *People v Palacios,* 302 AD2d 540, 541 [2003]). The jury could have reasonably concluded that the defendant's conduct was inconsistent with the loss of control associated with extreme emotional disturbance (*see People v Roche, supra* at 75-76; *People v George,* 7 AD3d 810 [2004]). Accordingly, the jury properly rejected the defendant's affirmative defense.

Contrary to the defendant's contention, the County Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities. Based on knowledge within the detectives' possession, they were justified in approaching the defendant to make certain inquiries as they entertained a "founded suspicion that criminal activity [was] afoot" (*People v De Bour,* 40 NY2d 210, 223 [1976]). As they approached, the defendant removed a handgun, which later proved to be a BB gun, from his waistband. Based upon the defendant's conduct, the detectives had probable cause to arrest him for menacing (*id.* at 223). That the defendant was not ultimately charged with menacing (*see* Penal Law § 120.14) did not render the arrest improper (*see People v Butler,* 203 AD2d 584 [1994]). Moreover, the fact that the detectives may have wished to question him concerning another crime is not relevant in determining whether they had probable cause to arrest him for menacing (*see People v Robinson,* 97 NY2d 341, 349 [2001]; *see also People v McCoy,* 239 AD2d 437, 439 [1997]). The County Court correctly determined that various statements made by the defendant after his arrest were admissible because they were spontaneous (*see People v James,* 278 AD2d 340, 341 [2000]), because they qualified under the "emergency exception" (*People v Krom,* 61 NY2d 187 [1984]; *see People v Molina,* 248 AD2d 489, 490 [1998]), and because the defendant voluntarily waived his *Miranda* rights (*see Miranda v Arizona,* 384 US 436; *see also People v Jean,* 13 AD3d 466 [2004]). The admission of three statements that did not qualify under any exception to the *Miranda* rule was harmless error because "there [was] no reasonable possibility that the error might have contributed to defendant's conviction and it was

thus harmless beyond a reasonable doubt" (*People v Crimmins,* 36 NY2d 230, 237 [1975]; *see also People v Nunez,* 9 AD3d 471, 472 [2004], *lv denied* 4 NY3d 766 [2005]).

The defendant correctly asserts that the County Court improvidently exercised its discretion in admitting 17 post-mortem photographs of the victim into evidence. The photographs did not tend "to prove or disprove a disputed or material issue" (*People v Wood,* 79 NY2d 958, 960 [1992] [internal quotation marks omitted]; *People v Pobliner,* 32 NY2d 356, 369 [1973], *cert denied* 416 US 905 [1974]). Moreover, although such photographs may be admitted to "illustrate, elucidate or corroborate" other evidence, in the instant case, such illustration or corroboration was not necessary (*see People v Flores,* 5 AD3d 502, 502-503 [2004]; *People v Stevens,* 76 NY2d 833, 835 [1990]). However, because of the overwhelming evidence of the defendant's guilt, any error in admitting the photographs was harmless (*see People v Stevens, supra* at 836; *People v Flores, supra* at 502).

Contrary to the defendant's contention, the County Court's failure to instruct the jury to refer to testimony brought out on cross-examination did not deprive the defendant of a fair trial (*see People v Harris,* 215 AD2d 586, 587 [1995]). The court's charge did not refer to the single instance in which a witness testified that the defendant had claimed, more than one year after his arrest, that, during questioning, he had requested counsel and that his requests had been ignored, an argument the defense did not advance in its opening or summation. The court was not required to specify or explain every contention of the parties, and to the extent that the court did address the evidence, it did so in a fair and evenhanded manner (*see People v O'Neal,* 12 AD3d 620 [2004], *lv denied* 4 NY3d 747 [2004]; CPL 300.10 [2]). To the extent that there existed any deficiency by the trial court in this regard, the defendant was not denied a fair trial (*see People v Turton,* 221 AD2d 671 [1995]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.