■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRVING LEACH, Appellant. [833 NYS2d 164]—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (DiBella, J.), rendered October 26, 2004, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The Supreme Court providently exercised its discretion in making its *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371, 378 [1974]).

To the extent that the defendant's claims of ineffective assistance of counsel involve matter dehors the record, they may not be reviewed on direct appeal (*see People v Velazquez,* 21 AD3d 388 [2005]; *People v Campbell,* 6 AD3d 623 [2004]). To the extent these issues were raised in the defendant's motion pursuant to CPL 440.10, they are not properly before this Court as he failed to seek leave to appeal from the order denying that motion (*see People v Morales,* 17 AD3d 487 [2005]). Insofar as we are able to review the defendant's claims, the defense counsel provided meaningful representation (*see People v Benevento,* 91 NY2d 708 [1998]).

The defendant was not deprived of a fair trial by the court's instructions to the jury. A court is not "required to explain all the contentions of the parties or outline all the inconsistencies in the evidence" (*People v Quinones,* 184 AD2d 535, 536 [1992]; *see People v Snyder,* 294 AD2d 381, 382 [2002]). Viewing the charge as a whole, the court fairly instructed the jury on the correct principles of law to be applied to the case (*see People v Rogers,* 287 AD2d 524, 525 [2001]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Schmidt, J.P., Santucci, Krausman and Balkin, JJ., concur.