■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARLON WASHINGTON, Appellant. [847 NYS2d 113]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Resnik, J.), rendered December 17, 2001, convicting him of robbery in the first degree (two counts), robbery in the second degree (four counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Since the case against the defendant consisted of both direct and circumstantial evidence, the defendant was not entitled to a charge that his guilt must be proven to a moral certainty, rather than beyond a reasonable doubt (*see People v Daddona*, 81 NY2d 990, 992 [1993]; *People v Hinton*, 285 AD2d 476, 476-477 [2001]; *People v Alvarado*, 262 AD2d 651, 652 [1999]).

To the extent that the defendant's claims of ineffective assistance of counsel involve matter dehors the record, they may not be reviewed on direct appeal (*see People v Leach,* 38 AD3d 917 [2007]; *People v Santana,* 279 AD2d 641 [2001]). To the extent these issues were raised in the defendant's motion pursuant to CPL 440.10, they are not properly before this Court, as he failed to seek leave to appeal from the order denying that motion (*see People v Leach,* 38 AD3d 917 [2007]). Insofar as we are able to review the defendant's claims, the defense counsel provided meaningful representation (*see People v Benevento,* 91 NY2d 708 [1998]; *People v Stephens,* 22 AD3d 691 [2005]; *People v Griffith,* 231 AD2d 530, 531 [1996]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions, raised in his supplemental pro se brief, are unpreserved for appellate review, and, in any event, are without merit. Miller, J.P., Lifson, Angiolillo and McCarthy, JJ., concur.