THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW GODDARD, Appellant. [898 NYS2d 637]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered September 6, 2007, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention as to the legal sufficiency of the evidence is unpreserved for appellate review, as he failed to

raise before the trial court the arguments he now raises on appeal (*see People v Hawkins*, 11 NY3d 484, 492-493 [2008]; *People v Kearney*, 25 AD3d 622 [2006]; *People v Butler*, 265 AD2d 487 [1999]). In any event, this contention is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621), we are satisfied that it was legally sufficient to prove the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the Supreme Court improperly marshaled the evidence during its charge on circumstantial evidence is without merit. The Supreme Court is not required, during its charge, to explain all the contentions of the parties, or outline all the inconsistencies in the evidence (*see* CPL 300.10 [2]; *People v Campbell*, 68 AD3d 890 [2009]; *People v Leach*, 38 AD3d 917 [2007]; *People v Chambers*, 18 AD3d 571 [2005]; *People v Snyder*, 294 AD2d 381 [2002]). A limited discussion of the facts in a circumstantial evidence charge does not constitute unfair marshaling of the evidence (*see People v Croskery*, 265 AD2d 846 [1999]). Furthermore, the Supreme Court instructed the jury that it was not reciting all of the circumstantial evidence, and was expressing no opinion as to whether any facts had been proved. It instructed the jury that the jury was to determine what circumstantial facts had been proven (*see People v Desordi*, 238 AD2d 738 [1997]). The Supreme Court did not place undue emphasis on the People's contentions (*see People v Simpson*, 270 AD2d 507 [2000]). Viewed as a whole, the Supreme Court fairly instructed the jury on the correct principles of law to be applied to this case (*see People v Leach*, 38 AD3d 917 [2007]; *People v Snyder*, 294 AD2d 381 [2002]).

The defendant's contention that he received ineffective assistance of counsel is without merit. Counsel was aware that an insanity defense was unlikely to be successful, as the most recent psychiatric reports indicated that psychiatrists could not make a finding that the defendant would not be criminally responsible for his behavior. There can be no deprivation of effective assistance of counsel arising from counsel's failure to make an argument that has little or no chance of success (*see People v DeHaney*, 66 AD3d 1040 [2009]; *People v Carter*, 44 AD3d 677 [2007]).

The sentence imposed was not excessive (*see People v Byers*, 254 AD2d 494 [1998]; *People v Ericsen*, 186 AD2d 219 [1992]; *People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention does not require reversal. Skelos, J.P., Santucci, Angiolillo and Chambers, JJ., concur.