■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY DELGADO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Tsoucalas, J.), rendered August 21, 1980, convicting him of assault in the second degree (two counts), reckless endangerment in the first degree, criminal possession of stolen property in the first degree, unauthorized use of a motor vehicle, criminal possession of a weapon in the fourth degree, and resisting arrest, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by changing to concurrent the terms of imprisonment imposed by the trial court. As so modified, judgment affirmed. The trial court imposed three indeterminate sentences (three and one-third to seven years each) to run concurrently and three definite sentences (one year each) to run concurrently with each other but consecutively to the indeterminate sentences. The court, in addition, imposed a definite sentence (one year) to run consecutively to all the other sentences. Section 70.35 of the Penal Law, however, provides in relevant part: "The service of an indeterminate sentence of imprisonment shall satisfy any definite sentence of imprisonment imposed on a person for an offense committed prior to the time the indeterminate sentence was imposed". In this case the offenses for which defendant was given definite sentences occurred prior to the time the indeterminate sentences were imposed. Accordingly, the one-year definite sentences should not have been made to run consecutively with the indeterminate sentences. Titone, J. P., Lazer, Mangano and Gibbons, JJ., concur.