■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS R. ADAMS, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Rohl, J.), rendered May 6, 1983, convicting him of petit larceny, upon a jury verdict, and imposing a definite sentence of one year's imprisonment to run consecutively to a previously imposed indeterminate sentence defendant was then serving.

Judgment modified, on the law, to the extent of providing that the definite sentence imposed in this case be served concurrently with the previously imposed indeterminate sentence. As so modified, judgment affirmed.

Defendant was arrested on March 30, 1982 in connection with the crime underlying the present petit larceny conviction. On July 19, 1982, defendant was sentenced to an indeterminate term of 3⅓ to 10 years' imprisonment upon his conviction on an unrelated burglary charge. Penal Law § 70.35 provides in pertinent part that "[t]he service of an indeterminate term of imprisonment shall satisfy any definite sentence of imprisonment imposed on a person for an offense committed prior to the time the indeterminate sentence was imposed". With commendable candor the District Attorney concedes that since the offense which formed the basis for the one-year determinate sentence occurred prior to the imposition of the indeterminate sentence for an unrelated offense, the one-year definite sentence should not have been imposed to run consecutively to the indeterminate prison term (*see, People v Schweickert,* 91 AD2d 1004, 1005; *People v Delgado,* 88 AD2d 981).

Defendant contends that he was denied his right to a speedy trial. The record clearly establishes that the People announced their readiness for trial on the record within the statutory period and thus satisfied their obligation under CPL 30.30 (*People v Josefson,* 100 AD2d 630). Upon our reading of the record, we likewise find no deprivation of defendant's constitutional right to a speedy trial.

We have examined defendant's remaining contention and find it to be without merit. Titone, J. P., Thompson, O'Connor and Rubin, JJ., concur.