■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MALDONADO, Appellant.—Appeal by defendant from a sentence of the County Court, Suffolk County (Sherman, J.), imposed May 19, 1983, upon his conviction of attempted burglary in the second degree, upon his plea of guilty, the sentence being an indeterminate term of 2½ to 5 years' imprisonment to be served concurrently with two previously imposed sentences and consecutively with a determinate sentence defendant was then serving.

Sentence modified, on the law, to the extent of providing that the indeterminate sentence imposed in this case be served concurrently with the previously imposed determinate sentence. As so modified, sentence affirmed.

The People concede that since the offense underlying the violation of probation for which a one-year definite sentence was imposed occurred prior to the imposition of the indeterminate sentence for an unrelated offense, the indeterminate term should not have been imposed to run consecutively with the definite prison term (see, People v Adams, 109 AD2d 745; People v Schweickert, 91 AD2d 1004, 1005; People v Delgado, 88 AD2d 981).

We do not find that the indeterminate sentence imposed after the court determined that defendant was a second felony offender was either unduly harsh or excessive. Lazer, J. P., Thompson, O'Connor, Rubin and Kunzeman, JJ., concur.