■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE D. ANDREWS, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Essex County (Garvey, J.), rendered August 2, 1988, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

In the early morning hours of July 4, 1987, defendant attempted to break into the residence of an elderly couple in the Village of Keeseville, Essex County. While the couple attempted to keep defendant from entering their home, he threatened them with physical and sexual abuse and caused damage in the approximate amount of $2,900. Defendant was eventually arrested by the police and charged with attempted burglary in the second degree, criminal mischief in the second degree and reckless endangerment in the second degree. Al-

though defendant initially pleaded not guilty and claimed no memory of the events in question, he ultimately pleaded guilty to attempted burglary in the second degree in full satisfaction of the indictment and admitted the factual events of the crime. This apparently occurred pursuant to a plea-bargain arrangement whereby, among other things, the District Attorney promised to make no recommendation as to punishment. At sentencing, defendant received an indeterminate prison term of 2⅓ to 7 years. Defendant now appeals.

There should be an affirmance. Defendant's claim that the District Attorney made a recommendation to County Court as to defendant's sentence despite an agreement to the contrary is belied by the record. The District Attorney did not recommend any sentence. The fact that the District Attorney commented on the contents of the probation report, especially the victim impact statement, did not make the proceedings improper. No promise was made by County Court as to defendant's sentence and the actual sentence imposed was legal and within the court's discretion. Parenthetically, the record reveals that County Court considered the issue of defendant's sentence thoroughly. The fact that it disagreed with the presentence report recommending probation is of no moment. Finally, there was no error in County Court's refusal to allow defendant to withdraw his plea since the motion was made after the imposition of sentence and he therefore failed to preserve the issue for appellate review *(see, People v Mohammed,* 114 AD2d 979, *lv denied* 67 NY2d 654; *People v Taylor,* 111 AD2d 836, 837).

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.