■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL J. RILEY, Appellant. [602 NYS2d 434] —Appeal from a

judgment of the County Court of Franklin County (Main, Jr., J.), rendered March 9, 1992, convicting defendant upon his plea of guilty of the crime of attempted burglary in the third degree.

Defendant was sentenced upon his conviction of attempted burglary in the third degree to a term of imprisonment of 1 to 3 years. At the time he was sentenced, defendant was serving a definite term of one year for violation of probation. On this appeal, defendant contends that he must be resentenced because County Court made his sentence consecutive to the definite sentence he was serving in contravention of Penal Law § 70.35 and that the People failed to honor their commitment to recommend a split sentence.

We find no violation by the People of their commitment to recommend a split sentence (see, People v Andrews, 155 AD2d 779). We do find, however, that defendant's sentence must be modified. Except in circumstances not relevant in this case, "service of an indeterminate sentence of imprisonment shall satisfy any definite sentence imposed on a person for an offense committed prior to the time the indeterminate sentence was imposed" (Penal Law § 70.35; see, People v Maldonado, 115 AD2d 565; People v Fisher, 97 AD2d 651, 653).

Yesawich Jr., J. P., Mercure, Crew III, White and Casey, JJ., concur. Ordered that the judgment is modified, on the law, by directing that the indeterminate sentence imposed is to be served concurrently with the previously imposed definite sentence, and, as so modified, affirmed.