■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED HOLMES, Appellant. [621 NYS2d 670] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered April 5, 1993, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to support the conviction of burglary in the second degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's challenge to the trial court's failure to charge the jury on the lesser-included offense of burglary in the third degree is not preserved for appellate review as the defendant withdrew his request for such a charge before the court ruled on it (see, CPL 470.05 [2]).

As to those issues which were preserved for appellate review, we find that the trial court properly refused to charge the lesser-included offenses of trespass and criminal trespass since there was no rational basis for the jury to acquit the defendant of the burglary charge but convict him of trespass or criminal trespass (see, People v Scarborough, 49 NY2d 364). Furthermore, the jury charge on what constituted a dwelling was not improper (see, People v Saunders, 64 NY2d 665; People v Sheirod, 124 AD2d 14). Ritter, J. P., Copertino, Joy and Hart, JJ., concur.