■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD REYNOLDS, Appellant. [637 NYS2d 517] —Peters, J. Appeals (1) from a judgment of the County Court of Essex County (Dawson, J.), rendered August 2, 1993, convicting defendant upon his plea of guilty of the crimes of murder in the second degree (two counts) and burglary in the first degree and (2) from an order of said court, entered August 23, 1994, which denied defendant's motion pursuant to CPL 440.10 to vacate said judgment of conviction, without a hearing.

On July 14, 1992, defendant, accompanied by his cousin, Kelvin Curran, broke down the door of a residence owned by Thomas Hicks and Rita Hicks, a retired couple living in the Town of Essex, Essex County. Upon entering the house, defendant and Curran armed themselves with shotguns stored in the house. Both of the elderly victims were then shot to death.

After his indictment on 34 separate counts, defendant entered a plea bargain, whereby he pleaded guilty to two counts of felony murder and one count of first degree burglary in full satisfaction of the indictment. Defendant waived his right to appeal from the judgment of conviction and agreed to assist in the prosecution of Curran. He was sentenced to two prison terms of 20 years to life on the felony murder convictions and a prison term of 5 to 10 years on his first degree burglary conviction, all three sentences to run concurrently.

Defendant appeals from both the judgment of conviction and the denial of his motion pursuant to CPL 440.10 on the ground that his guilty plea was involuntary, having been induced by the fraud of the District Attorney. Defendant bases this allegation on the prosecutor's statement at the sentencing hearing that defendant's crimes involved the "gangland-style execution of these two innocent people", adding that "this defendant appeared to have no remorse—in fact denies that he was even involved in the actual shooting". Defendant argues that this statement violated the terms of the sentencing agreement because it communicated the prosecutor's opinion that defendant was guilty of shooting the victims, when defendant maintains that he merely stood by while Curran shot them.

The prosecutor's statement does not constitute grounds for reversal. The comments were made in reference to observations entered in defendant's Presentence Report, in which it was noted that defendant displayed no remorse regarding the deaths of the two victims and denied shooting them. Such references have been held to be proper so long as they do not violate the terms of the plea bargain (see, *People v Andrews*, 155 AD2d 779; *cf.*, *People v Jasiewicz*, 192 AD2d 999). No show-

ing of any violation of the agreement has been made here and we find nothing in the record to indicate that the prosecutor was guilty of fraud.

Finally, we do not find the concurrent sentences imposed upon defendant by County Court to be harsh and excessive (*see, People v Jefferson*, 161 AD2d 898, *lv denied* 76 NY2d 790).

Mikoll, J. P., Mercure, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment and order are affirmed.