■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO DOTTIN, Appellant. [657 NYS2d 76] —Appeal by the de-

fendant from a judgment of the Supreme Court, Kings County (George, J.), rendered December 22, 1995, convicting him of attempted robbery in the third degree, attempted grand larceny in the fourth degree, menacing in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and sentencing him to an indeterminate term of two to four years imprisonment for attempted robbery in the third degree and a determine term of one year imprisonment for attempted grand larceny in the fourth degree, with those terms to run concurrently with each other, and determinate terms of one year imprisonment for menacing in the second degree and criminal possession of a weapon in the fourth degree, with those terms to run concurrently with each other but consecutively to the terms of imprisonment for attempted robbery in the third degree and attempted grand larceny in the fourth degree.

Ordered that the judgment is modified, on the law, to the extent that all of the terms of imprisonment shall run concurrently with each other; as so modified, the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction of attempted robbery in the third degree and attempted grand larceny in the fourth degree is unpreserved for appellate review (see, CPL 470.05 [2]; *People v Udzinski*, 146 AD2d 245) and, in any event, without merit. Viewing the evidence in the light most favorable to the prosecution (see, *People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

Penal Law § 70.35 provides in pertinent part that "[t]he service of an indeterminate sentence of imprisonment shall satisfy any definite sentence of imprisonment imposed on a person for an offense committed prior to the time the indeterminate sentence was imposed". As the offenses of menacing in the second degree and criminal possession of a weapon in the fourth degree occurred prior to the imposition of the indeterminate sentence for a related offense, the one-year determinate sentences imposed upon the defendant's convictions of the above-mentioned offenses should not run consecutively to the indeterminate sentence (see, *People v Adams*, 109 AD2d 745). Miller, J. P., Joy, Goldstein and Florio, JJ., concur.