■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOHAMMED ABBAS, Appellant. [702 NYS2d 885] —On the Court's own motion, it is

Ordered that its unpublished decision and order dated January 31, 2000, in the above-entitled case is recalled and vacated, and the following decision and order is substituted therefor:

Appeals by the defendant from two judgments of the Supreme Court, Queens County (Finnegan, J.), both rendered May 15, 1996, convicting him of attempted murder in the second degree, assault in the second degree, reckless endangerment in the first degree, leaving the scene of an accident without reporting, resisting arrest, and criminal contempt in the second degree (two counts) under Indictment No. 952/91, and criminal mischief in the third degree and criminal contempt in the second degree (two counts) under Indictment No. 4163/90, upon a jury verdict, and sentencing him to inde-

terminate terms of imprisonment of 12½ to 25 years on the conviction of attempted murder in the second degree, 3½ to 7 years on the conviction of assault, 3½ to 7 years on the conviction of reckless endangerment in the first degree, and 2 to 4 years on the conviction of criminal mischief in the third degree, and determinate terms of imprisonment of 90 days on the conviction of leaving the scene of an accident and one year for resisting arrest, all to run concurrently with each other, and definite sentences of one year imprisonment for each conviction of criminal contempt in the second degree to run consecutively to each other and to the sentence imposed on the conviction of attempted murder in the second degree.

Ordered that the judgments are modified, on the law, by providing that the terms of imprisonment for the defendant's convictions of criminal contempt in the second degree shall run concurrently with each other and with the sentence imposed on the conviction of attempted murder in the second degree; as so modified, the judgments are affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

However, as correctly conceded by the prosecution, the four definite one-year sentences imposed on the defendant for the four convictions of criminal contempt should merge by operation of law and run concurrently with the indeterminate sentence imposed on the conviction of attempted murder. Penal Law § 70.35 provides that "service of an indeterminate * * * sentence * * * shall satisfy any definite sentence of imprisonment imposed on a person for an offense committed prior to the time the indeterminate * * * sentence was imposed", and "contemplates that the definite and indefinite sentences will be served concurrently" (*People v Leabo,* 84 NY2d 952, 953).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J. P., S. Miller, Luciano and Feuerstein, JJ., concur.