■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BORIS WALKER, Appellant. [793 NYS2d 155]—Appeals by the defendant from (1) a judgment of the County Court, Suffolk County (Copertino, J.), rendered October 16, 2000, convicting him of attempted murder in the second degree, criminal use of a firearm in the first degree, attempted assault in the first degree, and criminal possession of a weapon in the second degree, under indictment No. 1276/99, upon a jury verdict, and sentencing him, as a persistent violent felony offender, to concurrent indeterminate terms of imprisonment of 30 years to life on the conviction of attempted murder in the second degree, 25 years to life on the conviction of criminal use of a firearm in the first degree, 25 years to life on the conviction of attempted assault in the first degree, and 25 years to life on the conviction of criminal possession of a weapon in the second degree, and (2) a judgment of the same court, also rendered October 16, 2000, convict-

ing him of obstructing governmental administration in the second degree, aggravated harassment of an employee by an inmate (two counts), and harassment in the second degree, under indictment No. 885/00, upon a jury verdict, and sentencing him to consecutive definite terms of imprisonment of one year on the conviction of obstructing governmental administration in the second degree and 15 days on the conviction of harassment in the second degree, and, as a prior felony offender, to concurrent indeterminate terms of imprisonment of 2½ to 5 years on the convictions of aggravated harassment of an employee by an inmate, with all of the indeterminate terms of imprisonment under both indictments to run concurrently with each other, but consecutively to the two definite terms of imprisonment.

Ordered that the judgment rendered under indictment No. 1276/99 is affirmed; and it is further,

Ordered that the judgment rendered under indictment No. 885/00 is modified, on the law, to the extent that the definite terms of imprisonment of one year on the conviction of obstructing governmental administration in the second degree and 15 days on the conviction of harassment in the second degree shall run concurrently with the indeterminate terms of imprisonment imposed under indictment No. 1276/99; as so modified, the judgment rendered under indictment No. 885/00 is affirmed.

The defendant's argument that he was not an "inmate" as defined by Penal Law § 240.32 at the time he committed the offenses underlying his conviction of two counts of aggravated harassment of an employee by an inmate is without merit (*see* Penal Law § 240.32).

The defendant's claim that he was denied effective assistance of counsel at his sentencing hearing is without merit, as defense counsel provided meaningful representation at all stages of the trial, including sentencing (*see People v Benevento*, 91 NY2d 708 [1998]).

As the offenses of obstructing governmental administration in the second degree and harassment in the second degree occurred prior to the imposition of the indeterminate sentences under indictment No. 1276/99, the definite terms of imprisonment imposed upon the defendant's convictions of those offenses should run concurrently to the indeterminate sentences (*see* Penal Law § 70.35; *People v Dottin*, 238 AD2d 604 [1997]).

The defendant's remaining contention is without merit. Adams, J.P., Santucci, Goldstein and Lifson, JJ., concur.