■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP SHANDS, Appellant. [837 NYS2d 584]—Appeal by the defendant, as limited by his brief, from so much of a sentence of the County Court, Westchester County (Zambelli, J.), imposed May 2, 2006, as directed that his sentences to a determinate term of imprisonment upon his conviction of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, run consecutively to his previously-imposed sentence of a definite term of imprisonment under S.C.I. No. 1094/04 upon his violation of probation.

Ordered that the sentence is reversed insofar as appealed from, on the law, and the term of imprisonment imposed upon the defendant's conviction of attempted criminal sale of a controlled substance in the third degree shall run concurrently with the sentence previously imposed under S.C.I. No. 1094/04.

Penal Law § 70.35 provides that "[t]he service of an indeterminate or determinate sentence of imprisonment shall satisfy any definite sentence of imprisonment imposed on a person for an offense committed prior to the time the indeterminate or determinate sentence was imposed." The statute contemplates that the definite sentence will be served concurrently with the indeterminate or determinate sentence (*see People v Leabo,* 84 NY2d 952, 953 [1994]). As the People correctly concede, the County Court erred in directing that the term of imprisonment imposed on the conviction of attempted criminal sale of a controlled substance in the third degree run consecutively to the definite sentence of imprisonment previously imposed upon the violation of probation (*see People v Leabo, supra* at 953; *People v Walker,* 17 AD3d 610, 611 [2005]; *People v Lawrence,* 297 AD2d 290, 291 [2002]; *People v Abbas,* 269 AD2d 456, 457 [2000]). Accordingly, we reverse the sentence insofar as appealed from. Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK STRANTON, Appellant. [837 NYS2d 584]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated January 11, 1999 (*People v Stranton,* 257 AD2d 583 [1999]), affirming a judgment of the Supreme Court, Richmond County, rendered March 18, 1997.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes,* 463 US 745 [1983]; *People v Stultz,* 2 NY3d 277 [2004]). Prudenti, P.J., Miller, Krausman and Florio, JJ., concur.