■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAY EASTWOOD, Appellant. [849 NYS2d 899]—Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered June 10, 2004, convicting him of assault in the first degree (five counts), aggravated sexual abuse in the second degree (two counts), aggravated criminal contempt, unlawful imprisonment in the first degree, and resisting arrest, upon a jury verdict, and sentencing him to determinate terms of 25 years' imprisonment for the five counts of assault in the first

degree, determinate terms of 15 years' imprisonment for the two counts of aggravated sexual abuse in the second degree, an indeterminate term of 2⅓ to 7 years' imprisonment for aggravated criminal contempt, and an indeterminate term of 1⅓ to 4 years' imprisonment for unlawful imprisonment in the first degree, to be served concurrently, and a determinate term of 1-year imprisonment for resisting arrest to be served consecutively with the sentences on the other convictions.

Ordered that the judgment is modified, on the law, by directing that the sentence imposed on the conviction of resisting arrest shall run concurrently with the remaining sentences; as so modified, the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt. Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

As the People correctly concede, however, the court erred in directing that the term of imprisonment imposed on the conviction of resisting arrest run consecutively to the determinate sentences of imprisonment imposed on the felony convictions (*see People v Leabo*, 84 NY2d 952, 953 [1994]; *People v Shands*, 41 AD3d 875 [2007]; Penal Law § 70.35). Accordingly, we modify the sentence on the conviction of resisting arrest to run concurrently with the remaining sentences. As so modified, the sentence imposed is not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

To the extent that the claims of ineffective assistance of counsel raised in the defendant's supplemental pro se brief involve matter dehors the record, they may not be reviewed on direct appeal (*see People v Leach*, 38 AD3d 917 [2007]; *People v Velazquez*, 21 AD3d 388 [2005]; *People v Campbell*, 6 AD3d 623 [2004]). Insofar as we are able to review the defendant's claims, defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]).

The remaining contentions raised in the defendant's supplemental pro se brief are unpreserved for appellate review, and we decline to reach them in the exercise of our interest of justice jurisdiction. Rivera, J.P., Santucci, Covello and Balkin, JJ., concur.