People v Singleton (2020 NY Slip Op 04974)





People v Singleton


2020 NY Slip Op 04974


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2018-10561
 (Ind. No. 935/17)

[*1]The People of the State of New York, respondent,
v
Anthony J. Singleton, appellant.


Patrick Michael Megaro, Uniondale, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Judith R. Sternberg and Autumn S. Hughes of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Helene F. Gugerty, J.), rendered July 26, 2018, convicting him of criminal contempt in the first degree, aggravated harassment in the second degree (two counts), aggravated family offense (two counts), and criminal mischief in the fourth degree, upon a jury verdict, and sentencing him to indeterminate terms of 1&frac13; to 4 years imprisonment on the conviction of criminal contempt and on the conviction of aggravated family offense under count 8 of the indictment and definite terms of 1 year imprisonment on the convictions of aggravated harassment and criminal mischief, to be served concurrently, and a definite term of 1 year imprisonment on the conviction of aggravated family offense under count 9 of the indictment, to be served consecutively to the sentences on the other convictions.
ORDERED that the judgment is modified, on the law, by directing that the sentence imposed on the conviction of aggravated family offense under count 9 of the indictment shall run concurrently with the remaining sentences; as so modified, the judgment is affirmed.
Since the People did not exhaust their peremptory challenges, the defendant's contention that the Supreme Court should not have granted the People's challenge to a prospective juror for cause is not reviewable on appeal (see CPL 270.20[2]; People v James, 259 AD2d 709).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of criminal mischief in the fourth degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to criminal mischief in the fourth degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The Supreme Court providently exercised its discretion in denying the defendant's request for a missing witness charge with respect to the complainant. The defendant failed to demonstrate that the complainant, who could not be located despite diligent efforts and who was [*2]hostile to the People, was available and under the People's control (see People v Mobley, 77 AD3d 488; People v Marino, 21 AD3d 430; People v Bryant, 11 AD3d 630).
As the People concede, the Supreme Court erred in directing that the one-year term of imprisonment imposed on the conviction of aggravated family offense under count 9 of the indictment run consecutively to the sentences of imprisonment imposed on the other convictions (see Penal Law § 70.35; People v Eastwood, 48 AD3d 591, 592). Accordingly, we modify the judgment by directing that the sentence imposed on count 9 of the indictment shall run concurrently with the remaining sentences.
DILLON, J.P., CHAMBERS, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court