People v Lockett (2021 NY Slip Op 50230(U))

[*1]

People v Lockett (Richard)

2021 NY Slip Op 50230(U) [71 Misc 3d 127(A)]

Decided on March 18, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 18, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2019-1519 OR CR

The People of the State of New York,
Respondent, 
against
Richard Lockett, Appellant. 

Richard L. Herzfeld, for appellant.
Orange County District Attorney (Andrew R. Kass of counsel), for respondent.

Appeal from a judgment of the City Court of Middletown, Orange County (Steven W.
Brockett, J.), rendered September 13, 2019. The judgment convicted defendant, upon a jury
verdict, of resisting arrest, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged with obstructing governmental administration in the second degree
(Penal Law § 195.05) and resisting arrest (Penal Law § 205.30). 
During jury selection, the People successfully challenged two prospective jurors for cause
over defense counsel's objection. The People did not exhaust all of their peremptory challenges
before the jury was sworn.
At the jury trial, two police officers testified that they were patrolling the area of Circle Park
in Middletown when they recognized defendant, who had an outstanding arrest warrant, and
pulled up next to him in their marked police vehicle. Defendant was told to stop and that he was
under arrest. Defendant looked at the officers and began walking away. After defendant was told
a second time to stop, he ran away. One of the officers and a police dog exited the vehicle and
chased after defendant. When defendant entered Thrall Park, the police dog caught defendant, but
defendant broke free. The dog continued chasing defendant and apprehended him a second time
inside Thrall Park. When defendant attempted to climb a fence, an officer pulled him down to the
ground. While defendant was on his stomach, the officer directed defendant to put his hands
behind his back, but he continued to resist by lying on top of his arms and holding his hands
together. Both officers had to physically pull defendant's arms out from under his body to
handcuff him. The People's witness testified that there was a video recording of the incident
[*2]taken at or near Circle Park, but there were no video cameras
inside Thrall Park to record the incident there.
Defendant testified that he did not know he was being chased by police and that, after he was
pulled down off the fence by the officer, he could not move his hands because he was lying on
top of them and the dog was biting him. During a charge conference, defense counsel requested
an adverse inference charge with respect to video evidence claiming that there was a video of the
incident from the Circle Park area and inside Thrall Park that had not been produced at trial. The
People conceded that there was some video footage of the incident taken in Circle Park and
agreed that an adverse inference charge should be given with respect to the Circle Park video
evidence that was not produced at trial. However, the People argued that the testimony showed
that there were no video cameras inside Thrall Park to record the incident there. Before the City
Court ruled on defense counsel's request, he withdrew his request for an adverse inference charge
and indicated that he would address the video evidence during summation.
The jury found defendant guilty of resisting arrest and acquitted him on the charge of
obstructing governmental administration in the second degree.
On appeal, defendant contends that he was denied the effective assistance of counsel when
counsel withdrew his request for an adverse inference charge; that it was error for the trial court
to grant the People's challenges for cause of two prospective jurors over defense counsel's
objections; that the court should have granted his application for an adverse inference charge
with respect to the missing video evidence; and that the verdict convicting him of resisting arrest
was repugnant to his acquittal of obstructing governmental administration in the second
degree.
As defense counsel withdrew his request for an adverse inference charge before the court
ruled on it, any contention regarding the merits of the request was waived and unpreserved for
appellate review (see CPL 470.05 [2]; People v Holmes, 211 AD2d 824 [1995]).
Even assuming that defense counsel should not have withdrawn his request for an adverse
inference charge, this decision, standing alone, was not so egregious and prejudicial as to
compromise defendant's right to a fair trial, and the record on the whole reveals that defense
counsel provided meaningful representation (see generally People v Wheeler, 124 AD3d 1136, 1139-1140
[2015]). Among other things, defense counsel gave cogent opening and closing statements,
lodged successful objections, conducted pointed direct and cross-examinations pursuing a trial
strategy challenging the credibility of the police witnesses, made appropriate trial motions and
advanced a reasonable defense (see
People v Every, 146 AD3d 1157, 1166 [2017], affd 29 NY3d 1103 [2017]; see also People v Sostre, 172 AD3d
1623, 1627 [2019]). Additionally, counsel obtained an acquittal on the charge of obstructing
governmental administration in the second degree. In view of the forgoing, we find that
defendant's attorney provided meaningful representation in accordance with the state standard
(see NY Const, art I, § 6; People v Caban, 5 NY3d 143 [2005]; People v Johnson, 71 AD3d 1048
[2010]) and, consequently, defendant also failed to meet the threshold for ineffectiveness under
the federal standard (see US Const, 6th Amend; Strickland v Washington, 466 US
668, 687 [1984]).
Defendant's next contention, that the court should not have granted the People's challenges to
two prospective jurors for cause, is not reviewable on appeal, as the People did not exhaust their
peremptory challenges before jury selection was complete (see CPL 270.20 [2]; People v Singleton, 186 AD3d
1412 [2020]). Finally, defendant's contention that the verdict [*3]convicting him of resisting arrest was repugnant to the verdict
acquitting him of obstructing governmental administration in the second degree is unpreserved
for appellate review, as defendant did not raise such an objection before the court discharged the
jury (see CPL 470.05 [2]; People v Alfaro, 66 NY2d 985, 987 [1985]; People
v Satloff, 56 NY2d 745 [1982]; People v Jackson, 19 AD3d 614, 615 [2005]), and we decline to
reach this issue in the exercise of our interest of justice jurisdiction (see CPL 470.15 [3]
[c]).
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 18, 2021